In the Matter of JEROME A. WEISS, Respondent, *v.* ROBERT E. HERMAN, as Commissioner and State Rent Administrator, Appellant.

Second Department, May 28, 1962.

*Harold Zucker (Jacob B. Ward* of counsel), for appellant.

*Edward Ingram* for respondent.

CHRIST, J. We are concerned with an application made by the petitioner to the State Rent Administrator for "fair rent" increases in a multiple dwelling, under section 4 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1959, ch. 695) and subdivision 5 of section 33 of the State Rent and Eviction Regulations. Under the statute and rules, such application should be granted if the rental income from the subject property yields a net annual return of less than 6% of the valuation of the property.

Thus, fixing the valuation of property is an essential factor. Where there has been a bona fide sale of property after a stated date (March 15, 1953, as the statute and rules read when this application was made), the State Rent Commission is required to take as the valuation the price in that sale, if, in the words of the statute, the sale was "the result of a transaction at arms' length, on normal financing terms at a readily ascertainable price and unaffected by special circumstances" (*Matter of Realty Agency* v. *Weaver,* 7 N Y 2d 249, 252; *Matter of Quittner* v. *Herman,* 15 A D 2d 68, affd. 11 N Y 2d 800; *Matter of Perlman* v. *Herman,* 13 A D 2d 55, 59-60; *Matter of Greenberg* v. *Herman,* 13 A D 2d 1008; *Matter of Crisa* v. *Weaver,* 9 A D 2d 917; *Matter of Payson* v. *Caputa,* 9 A D 2d 226; *Matter of Bajart Management* v. *Weaver,* 8 A D 2d 56).

The petitioner bought the subject property in April of 1956 for $362,200 and offered that price as the valuation to be accepted by the commission. The commission, however, accepted the price of $278,000 which the petitioner's predecessor in title had paid in March of 1955. The commission held that the sale to the petitioner was not made, according to the stipulated term in the statute, " on normal financing terms." In consummation of the sale petitioner had paid only $22,000 of the price in cash, a ratio of about 6.1%, whereas on the previous sale $50,000 had been paid in cash, a ratio of about 18%. As a result of the commission's acceptance of the 1955 price, it allowed the petitioner rent increases equivalent to only .63%.

In arriving at its determination, the commission refused to consider certain evidence offered by the petitioner in support of his contention that the 1956 price should be accepted. It excluded proof of the total amount of the mortgage amortization payments that he had made in the period of almost two years between the time he purchased the property and the time he made this application, as well as appraisals by two real estate experts and the prices in recent sales of other property. The principal question is whether the commission had the right to refuse to consider this evidence.

The mortgage amortization payments are claimed by the petitioner to have been at a rate of about $6,000 a year. In the real estate appraisals the property is valued at $355,000 and $360,000.

The order of the Special Term which we are presently reviewing is not the first order which remitted this proceeding to the commission with a direction to consider the evidence in question. An earlier order was made by the court to such effect on October 14, 1960. The commission was unable to bring that order before this court for review, since its application for leave to appeal therefrom had been denied. Undaunted, the commission simply declined to follow the order; it again refused to consider the evidence, adhering to its original determination. Nor is this the first case in which the commission has ignored an order of the court with respect to the appropriateness of evidence on valuation (see *Matter of Quittner* v. *Herman, supra*).

When the matter was brought before the Special Term for the second time, the order presently under review was made, again remitting the matter to the commission for the same purpose. However, this time, in that same order leave to appeal was granted to the commission.

The commission in determining the *bona fides* of a sale on the basis of the legislative standards, including " normal financing

terms," need not act as a tribunal in a condemnation or tax proceeding, accepting all proofs on all permissible theories of valuation. Nevertheless, it may not "disregard all relevant and nonrefuted objective criteria, and decline to * * * make inquiry when warranted by the facts" (*Matter of Realty Agency* v. *Weaver,* 7 N Y 2d 249, 254, *supra*).

Only days before the decision by the Court of Appeals in *Matter of Realty Agency* v. *Weaver* (*supra*), this court decided a case (*Matter of Crisa* v. *Weaver,* 9 A D 2d 917) which presented a factual situation very nearly the same as in the instant case; and the ruling in *Crisa* was consistent with the ruling in *Matter of Realty Agency* (*supra*). In *Crisa,* the price paid by the applicant for the multiple dwelling was $316,000. He paid in cash only $16,900, or 5.33% of the price, but he had amortized the mortgage by some $19,000 subsequent to taking title. The commission rejected the evidence of the post-title payments and an offer by the landlord to submit an appraisal. It refused to accept the $316,000 price as the valuation of the property; and its refusal was on the same ground invoked by it here, namely: that the sale had not been made on normal financing terms. This court held that it was error to reject such price solely on the ground that only a small percentage had been paid in cash on taking title, and stated that the commission "might well have considered, as matters of discretion," the proffered evidence of the amortization payments and an appraisal. We regard such evidence as "relevant and nonrefuted objective criteria" which the commission may not disregard (*Matter of Realty Agency* v. *Weaver,* 7 N Y 2d 249, 254, *supra*). It is material to the findings which the commission is required to make under the statute and rules.

Although in another and subsequent case this court upheld the commission's refusal to consider appraisals and evidence of sale prices of other properties (*Matter of Greenberg* v. *Herman,* 13 A D 2d 1008, *supra*), that case was clearly distinguishable and the decision was not in contravention of *Matter of Realty Agency* v. *Weaver* (*supra*) or *Matter of Crisa* v. *Weaver* (*supra*). In *Greenberg,* the applicants had paid $389,000 for the property in 1958, with a cash payment of $36,538, or 9.39% of the price. Their predecessor in title had paid $390,000 about two years previously, in 1956, with $30,000 in cash, or 7.69% of the price. The predecessor itself had made an application for rent increases based on the 1956 price. He was granted increases, but on the basis of a still earlier price of $285,000 in a 1955 sale. The $390,000 price was disregarded as inflated. When the petitioners made their application for

rent increases, almost immediately after taking title, the commission again found the valuation to be only $285,000 and denied the application, refusing to consider appraisals and sale prices of other properties. We found that since the 1956 sale had not been " on normal financing terms " the commission was justified in refusing to adopt the petitioners' purchase price as a base for valuation. They were " speculators who purchased the subject premises at approximately the same price as their predecessor in title, with knowledge that their predecessor had not purchased the premises on normal financing terms and whose request for a valuation on the rent base of its purchase price had been denied." The decision was based on the particular facts of that case; it was designed to prevent a result that " would be contrary to the fundamental principles of the Emergency Housing Rent Control Law."

In *Matter of Greenberg* v. *Herman* (*supra*), the proffered evidence would have been purposeless, and hence we upheld the commission's refusal to receive it. We do not have a comparable situation in the instant case. The petitioner here did not acquire the subject property in the face of a recent ruling by the commission that similar terms on the same property were not normal financing terms. Petitioner had no knowledge that such a determination had already been made. In the absence of a bald attempt, such as was present in *Matter of Greenberg* v. *Herman* (*supra*), to circumvent the commission's rent allowance by a slight rearrangement of purchase terms, the petitioner should have wider latitude to present evidence of his payments as well as proof of the true value of the property.

The order of the Special Term contains no direction with respect to the weight to be given to this evidence. Neither do we pass upon its weight. We hold only that it should have been received and considered.

The order should be affirmed, without costs.

Order affirmed, without costs.

BELDOCK, P. J., UGHETTA, HILL and HOPKINS, JJ., concur.